

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00107-CR

_____

JACOB ARRIAGA, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1825337

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

**MEMORANDUM OPINION**

A jury found Appellant Jacob Arriaga guilty of the first-degree-felony offense of manufacture or delivery of a controlled substance in Penalty Group 1-B (fentanyl or a fentanyl derivative) in an amount greater than or equal to 200 grams but less than 400 grams, and the trial court assessed his punishment at 30 years' confinement. *See* Tex. Health & Safety Code Ann. § 481.1123(a), (e); *see also id.* § 481.1022 (listing Penalty Group 1-B opiates). In two points, Arriaga attempts to challenge an evidentiary ruling.

At trial, the State showed that during a traffic stop in January 2024, police found Arriaga—the car's driver and sole occupant—with drug paraphernalia and two pills near the driver's seat that were identical to the 3,000 to 4,000 fentanyl pills in the car's trunk. After testimony by the first three witnesses—the two traffic-stop officers and the lab analyst who tested the drugs—the trial court held a hearing on extraneous-offense evidence.

The State wanted to offer one of Arriaga's other drug cases—a May 2022 case out of Dallas County in which an officer had stopped Arriaga and found suspected fentanyl—to show, among other things, proof of knowledge. Arriaga objected to this evidence under Rules of Evidence 403 and 404. *See* Tex. R. Evid. 403, 404(b). The trial court stated that it would admit this evidence with a limiting instruction and granted Arriaga a running objection "to the entire testimony as to the Irving Police Department arrest of Jacob Arriaga in 2022 in Irving, Texas, in Dallas County." However, no testimony about the 2022 Dallas County arrest was offered or admitted at trial.

In his two points in this appeal, Arriaga references his above-described objection as having preserved his complaint regarding different testimony by Euless Police Officer Joshua Bennett about a May 2024 traffic stop, when Arriaga was arrested on a warrant for the instant possession-with-intent-to-deliver offense. Arriaga complains that the trial court abused its discretion by admitting this evidence and that its unfair prejudice substantially outweighed its probative value, violating Rules of Evidence 403 and 404(b). The record reflects that Arriaga has not preserved this complaint for our review. *See* Tex. R. App. P. 33.1.

During trial, Officer Bennett, a narcotics officer, testified that he was called on the night of the January 2024 traffic stop and drug seizure because "sometimes patrol has questions." He determined that Arriaga should be charged with possession with intent to deliver a controlled substance "[d]ue to the sheer weight and the amount of narcotics that was located in the vehicle" and based on the way the drugs in the trunk were packaged. He also arranged for the drugs to be tested, obtained the arrest warrant for Arriaga for the instant offense, and arrested him for it in May 2024, when Arriaga was driving the same vehicle as he was when he committed the offense in January 2024. During Officer Bennett's testimony, Arriaga objected to relevance regarding the testimony about the drugs' packaging and to relevance and speculation regarding whether drug dealers drive other people's vehicles, but he made no Rule 403 or 404(b) objections.

To the extent Arriaga complains about the admission of Officer Bennett's testimony, he did not make the arguments in the trial court that he now attempts to make on appeal. *See id.* And the record reflects that neither Officer Bennett nor any other witness testified about "the Irving Police Department arrest of Jacob Arriaga in 2022 in Irving, Texas, in Dallas County," the evidence for which Arriaga secured his running Rule 403 and 404(b) objections. *See id.* Accordingly, we overrule his two points and affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 30, 2026